UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23156-CV-ALTMAN

CHRISTOPHER SUTTON,

    *Petitioner*,

vs.

MARK INCH,

    *Respondent*.

_____/

## ORDER

"The district court possesses the inherent power to police its docket." *Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007). Consistent with that authority, the Court has determined that this case should be dismissed without prejudice.

A U.S. Magistrate Judge instructed the Petitioner to file an amended petition for writ of habeas corpus by August 24, 2020. *See* Order to Amend ("the Order" or "Order to Amend") [ECF No. 4] at 3. In that Order to Amend, the Magistrate Judge warned the Petitioner that his "[f]ailure to timely file his amended petition . . . will result in dismissal of this case," *id.* (emphasis omitted), and (later) cautioned him that failure to comply with the Order "will result in dismissal of this case," *id.* at 4 (emphasis omitted). Despite these unambiguous warnings, the Petitioner never filed an amended petition.

Under Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure apply in Section 2254 proceedings "to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2254 Cases]." And, "[p]ursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a [litigant's] action for failure to comply with

the rules or any order of the court." *Owens v. Pinellas Cty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

A Magistrate Judge of this Court twice warned the Petitioner that, if he failed to file his amended petition by August 24, 2020, his case would be dismissed without prejudice. Despite these unambiguous warnings, the Petitioner *never* filed an amended petition—and the deadline to do so passed *some six weeks ago*. This Court need not wait forever for the Petitioner either to heed the Court's directives or to pursue his own case. *See, e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *Frank v. Schulson*, 782 F. App'x 917, 919 (11th Cir. 2019) (same); *LaFavors v. Thayer*, 706 F. App'x 489, 492 (11th Cir. 2017) (same). And, notably, "[d]espite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

"[A] dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file." *Johnson v. DuBose*, 806 F. App'x 927, 928 (11th Cir. 2020). On the other hand, if a dismissal without prejudice "has the effect of precluding [a litigant] from refiling his claim due to the running of the statute of limitations[,] the dismissal is tantamount to a dismissal with prejudice." *Justice v. United States*, 6 F.3d 1474, 1481 n.15 (11th Cir. 1993) (cleaned up). Before dismissing a *pro se* prisoner's case without prejudice, then, this Court must satisfy itself that the dismissal will not preclude the prisoner from refiling his claims "due to the running of the statute of limitations."

2

This dismissal will have no effect on the Petitioner's right to refile his claims. The Petition, after all, was likely time-barred when it was filed. Under 28 U.S.C. § 2244(d)(1)(A), a habeas petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file his petition in federal court. And "the federal judgment becomes final when th[e U.S. Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if a petitioner does not seek certiorari, when the time for filing a certiorari petition expires." *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (cleaned up). As the Eleventh Circuit has explained, "the time for pursuing review in the Supreme Court of the United States is governed by Supreme Court Rules 13.1 and 13.3, which together provide that a petition for a writ of certiorari to review a judgment . . . entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment . . . and not from the issuance date of the mandate." *Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 617–18 (11th Cir. 2019) (cleaned up). To summarize: for petitioners who do not seek discretionary review from the Florida Supreme Court, the judgment becomes final 90 days after the District Court of Appeal enters a judgment affirming the conviction and sentence. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275–76 (11th Cir. 2006).

In our case, the Petitioner did not seek discretionary review from the Florida Supreme Court within thirty days[1] after the Third District Court of Appeal affirmed his conviction and sentence (*per curiam*) on May 23, 2012. *See Sutton v. State*, 88 So. 3d 951, 2012 WL 1890505 (Fla. 3d DCA 2012) (affirming the Petitioner's conviction and sentence);[2] *see also* Petition [ECF

---

[1] A motion for discretionary review by the Florida Supreme Court must be filed within thirty days of the lower court's order. *See* FLA. R. APP. P. 9.120(b).

[2] Under FED. R. EVID. 201, the Court takes judicial notice of the following facts:

No. 1] at 2. The Petitioner's judgment thus became final on August 21, 2012—and, as a result, the Petitioner had until August 20, 2013 to file his habeas petition in federal court.[3] Since he didn't file this Petition until July 27, 2020—almost seven years too late—it is (very likely) time-barred.

----

    (1) the State Court Docket in Case No. F05-008568-B as of October 20, 2020; and
    (2) the State Appellate Court Dockets in which the Petitioner challenged his conviction and sentence in Case No. F05-008568-B, which include:
        a. the State Appellate Court Docket for Case No. 3D07-3101;
        b. the State Appellate Court Docket for Case No. 3D10-2002;
        c. the State Appellate Court Docket for Case No. 3D15-320; and
        d. the State Appellate Court Docket for Case No. 3D20-453.

The Clerk shall **MAKE** these documents a part of the record in this case.

    Rule 201 permits a federal court to take judicial notice of state-court records of an inmate's postconviction proceedings because, generally, those records "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020). "Rule 201 does not require courts to warn parties before taking judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes notice." *Id*. "The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)).

    This rule does not bar the Court from taking judicial notice here, though, because the Court is not using this (judicially-noticed) evidence to dispose of the Petitioner's case—or, really, to adjudicate any disputed question of fact or law. To the contrary, again, the Court does not here decide the (wholly orthogonal) question of the Petition's timeliness. Instead, the Court cites these state-court dockets only to highlight that, irrespective of the Petition's timeliness, *this dismissal* will not be "tantamount to a dismissal with prejudice." *Justice*, 6 F.3d at 1481 n.15.

    Nevertheless, the Court will allow the Petitioner 30 days within which to file a motion for reconsideration. In that motion, the Petitioner may—though he need not—challenge the Court's decision to take judicial notice of the state-court records, and the Court will review that challenge *de novo*.

[3] The Petitioner did (admittedly) file several motions in state court between August 21, 2012 (when his state conviction became final) and July 27, 2020 (when he filed this Petition). So, for instance, on June 6, 2014, nearly two years after his conviction became final, the Petitioner moved to vacate his conviction (and for a new trial) under FLA. R. CRIM. P. 3.850. *See* Petition at 3. On January 5, 2015, the Circuit Court of the Eleventh Judicial Circuit for Dade County, Florida, denied that motion. *See id*. On May 4, 2015, the Third District Court of Appeal affirmed that denial. *See Sutton v. State*, 163 So. 3d 1212, 2015 WL 1223238 (Fla. 3d DCA 2015). On August 26, 2019, the Petitioner filed a motion for post-conviction relief in the state circuit court. *See Sutton v. State*, No. F05-008568-B (Fla. 11th Cir. Ct. Aug. 26, 2019). But all of this is really beside the point because

Recognizing this problem, the Petitioner suggests that he might qualify for one of two exceptions to § 2244(d)(1)(A)'s time bar. *First*, he submits that he is "actually innocent" under the doctrine laid out in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). *See* Petition at 13–14; *cf. McQuiggin*, 569 U.S. at 392 ("[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief."). *Second*, he points to § 2244(d)(1)(D), which provides that the one-year statute of limitations "shall run from . . . the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence*." (emphasis added). And, he insists, he could not have discovered the factual predicate of his claim until November 18, 2018. *See* Petition at 7.

Fortunately, this Court need not decide today whether the Petitioner is likely to succeed in establishing the application of either (or both) of these exceptions because, either way, *this dismissal* will have no effect on that analysis. After all, if the Petitioner is right—if, in other words, the exceptions set forth in either *McQuiggin* or § 2244(d)(1)(D) apply to his case—then his Petition will *not* be time-barred. In that scenario, of course, this dismissal will not be "tantamount to a dismissal with prejudice." On the other hand, if he's wrong, his Petition will be dismissed *with prejudice* for reasons wholly unrelated to this Order. In either event, then, this Order will not have "the effect of precluding [the Petitioner] from refiling his claim due to the running of the statute of limitations," because—today no less than yesterday—the Petitioner's claims will survive *only if* he meets one (or both) of the proffered exceptions.

---

even a proper state-court motion cannot toll an already-expired statute of limitations. *See, e.g.*, *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition like Tinker's that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled.") (cleaned up).

Two final warnings. *First*, any future petition will be subject to this Court's procedural requirements, such as timeliness and exhaustion, unless some equitable exception applies. *Second*, "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005).

\*\*\*

Having carefully reviewed this case, the Court hereby **ORDERS and ADJUDGES** that this action is **DISMISSED without prejudice**. The Clerk of Court shall **CLOSE** this case. All pending motions are **DENIED as moot**. All pending deadlines and hearings are **TERMINATED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of October 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  Christopher Sutton
     B08757
     Mayo Correctional Institution Annex
     Inmate Mail/Parcels
     8784 US Highway 27 West
     Mayo, FL 32066
     PRO SE